# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DAVID WINTERS, #364915,              *

Plaintiff                           *

v                                   *     Civil Action No. ELH-17-51

GUSTAVA WINTERS,                    *

Defendant                           *
                                ***

## MEMORANDUM

David Winters, a Maryland Department of Corrections prisoner housed at Patuxent

Institution,[1] filed a personal injury action against his mother, who works in Montgomery County,

Maryland, seeking money damages.[2]  Winters, who is self-represented, signed his Complaint on

December 13, 2016.  It was received by the Court on January 6, 2017.  ECF 1.  For the reasons

set forth herein, Winters's motion for leave to proceed *in forma pauperis* (ECF 2) shall be

granted.  However, the Complaint shall be dismissed, without prejudice.

## I. Background

Winters was born in 1989.  ECF 1 at 6.  He alleges that he was subjected to ongoing

physical child abuse by his father, Andrew Winters, who repeatedly beat him from 1992 to 2006.

He claims that his mother, Gustava Winters, "did nothing" while his father beat him throughout

his childhood.  *Id.* at 4, 6.  According to Winters, his mother committed abuse and "child neglect

_____

[1] Winters was convicted on October 8, 2014, in the Circuit Court for Montgomery County, of first-degree murder.  He is serving a life sentence with all but 50 years suspended. *See State v. Winters,* Case No. 109552C; *see* http://casesearch.courts.state.md.us/ casesearch/inquiryDetail.jis?.

[2] Winters does not specify his mother's home address.  Nor does he assert diversity jurisdiction.

for not stopping child abuse." *Id.* at 6.  He seeks $500,000.00 in compensatory damages.  *Id.*

Plaintiff bases jurisdiction solely on a "federal question."  *See* 28 U.S.C. § 1331. However, there is nothing within the allegations of the Complaint that suggests federal question jurisdiction.  Moreover, it is also clear that the suit is untimely.

## II. Discussion

Winters's Complaint was filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires a district court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  In this context, this court is mindful of its obligation to construe liberally the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . .   It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Indeed, a federal court has "an independent obligation to determine whether subject-matter

jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006).

Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Of import here, "'[t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted).

A review of the Complaint fails to set forth any basis for federal question jurisdiction. Therefore, the suit is subject to dismissal, for lack of subject matter jurisdiction.

Alternatively, the Complaint is untimely and barred by limitations.

The claim against plaintiff's mother is akin to a claim of negligence for failure to protect plaintiff from the physical abuse inflicted on plaintiff by his father, in the presence of his mother. That claim is untimely under Maryland's general three-year statute of limitations, applicable to civil actions.  *See* Md. Code (2013 Repl. Vol.), Cts. & Jud. Proc. ("C.J.") § 5-101.  Plaintiff's claim of intentional infliction of emotional distress likewise is also time-barred. *Cf. Doe v. Archdiocese of Washington*, 114 Md. App. 169, 689 A.2d 634 (1997).

Actions arising from alleged sexual child abuse must be filed within seven years of the date that the victim attains the age of majority.  *See* C.J. § 5-117(b).  Taking judicial notice of Maryland's electronic docket, Winters was born on June 6, 1989, and is now 26 and one-half years of age.  He attained the age of majority on June 6, 2007.  Plaintiff does not allege sexual child abuse.  But, even assuming, *arguendo*, that C.J. § 5-117(b) applies to claims of physical

abuse, and even assuming it applies to claims against a parent for failure to protect, or because the parent aided and abetted the abuse, plaintiff would have had until on or about June 6, 2014, to file suit.  His claim is clearly time barred.

### III.  Conclusion

This Court lacks subject matter jurisdiction.   And, 28 U.S.C. §1915(e)(2) obligates federal courts to dismiss cases at *any time* if the action is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

For the reasons stated above, this case is subject to dismissal.  A separate Order follows.


January 12, 2017                                                         _____/s/_____
Date                                                                           Ellen L. Hollander
                                                                                   United States District Judge

4